CHARLES M. INGRAM v. BANK OF WARSAW et al.

(Filed 28 March, 1928.)

**1. Principal and Surety—Nature and Extent of Liability of Surety in General.**

The liability of sureties on a bond given by a bank as principal, to indemnify a depositor against loss for moneys deposited in the bank at the time of its execution, will not be construed by implication to extend beyond securing the deposit therein stated, and bonds of this character are to be strictly construed as to their expressed terms.

**2. Banks and Banking—Directors—Liability as Individual Endorser of Note Not Affected by Office.**

Where it appears that sureties on a bond given by a bank to secure a depositor are directors of the bank, but that they signed in their individual capacity, their measure of liability is not increased by reason of their being directors of the principal obligor.

APPEAL by defendants from *Cranmer, J.,* at August Term, 1927, of DUPLIN. Reversed.

Action to recover on bond executed by the Bank of Warsaw as principal, and its codefendants, as sureties, to indemnify plaintiff from loss on account of certain funds deposited by him with the Bank of Warsaw.

The Bank of Warsaw was adjudged insolvent prior to the commencement of this action. No answer was filed to the complaint by its receiver. Judgment by default final was rendered against said receiver. There was no appeal from this judgment.

Answers were filed by the other defendants, admitting the execution of the bond by them as sureties, but denying liability in this action upon said bond.

The issue submitted to the jury was answered as follows: "In what sum, if any, are the defendants, sureties, indebted to the plaintiff? Answer: $7,188.72."

From judgment in accordance with the verdict, defendants, sureties on the bond, appealed to the Supreme Court.

*A. McL. Graham, George R. Ward and Gavin & Boney for plaintiff.*
*H. D. Williams, R. D. Johnson and L. A. Beasley for defendants.*

CONNOR, J. On 17 February, 1925, plaintiff, an ex-sheriff of Duplin County, whose term of office had expired in December, 1924, had on deposit with the Bank of Warsaw, Kenansville Branch, the sum of $30,988.48. The said sum was credited, partly to the account of "C. M. Ingram, Sheriff," and partly to the account of "C. M. Ingram, Sheriff, 1923 Tax."

In compliance with his request, the Bank of Warsaw on said day caused a bond to be executed and delivered to plaintiff in words as follows:

"North Carolina—Duplin County.

Know all men by these presents that we, the Bank of Warsaw and Kenansville, N. C., a corporation, and the undersigned sureties, are held and firmly bound unto Charles M. Ingram in the sum of thirty thousand dollars, for which payment well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents, in the amount set opposite our names.

Signed and sealed this the 17th day of February, 1925.

The condition of the above obligation is such that whereas Charles M. Ingram has certain funds deposited in the Bank of Warsaw, a corporation, and if the said Bank of Warsaw shall turn said funds over to said Charles M. Ingram, when demanded, then this bond to be null and void; otherwise in full force and effect.

BANK OF WARSAW, a Corporation.   (Seal)
By H. L. Stevens, Pres.   (Seal)

Attest:
   J. K. POWELL,   (Seal)
      Secretary.

| | | |
|---|---|---|
| J. K. POWELL. | (Seal) | $2,500 |
| H. L. STEVENS. | (Seal) | 5,000 |
| R. L. BEST. | (Seal) | 5,000 |
| JOHN FREDERICK. | (Seal) | 5,000 |
| J. A. POWELL. | (Seal) | 2,500 |
| J. W. QUINN. | (Seal) | 10,000 |
| JAS. J. BOWDEN. | (Seal) | 2,500." |

After the execution of said bond plaintiff made deposits from time to time with the Bank of Warsaw, which were credited, in accordance with his request, some to the account carried on the books of the bank, under the name of "C. M. Ingram, Sheriff," and some to the account carried under the name of "C. M. Ingram, Sheriff, 1923 Tax." Checks drawn by plaintiff on these accounts were paid by the bank, and duly charged to the said accounts, respectively. On 1 August, 1925, and subsequent to said day, plaintiff made deposits with the said bank, which at his request were credited to the account of "C. M. Ingram, Back Tax Account." Checks drawn by plaintiff on this account were duly paid and charged to said account.

On 7 November, 1925, plaintiff withdrew from the Bank of Warsaw the entire balance to his credit on the two accounts, which were carried

on the books of the bank prior to and on 17 February, 1925. On 21 April, 1926, the Bank of Warsaw was declared insolvent, and a receiver was thereafter duly appointed for said bank. On said day the balance to the credit of the account carried on the books of the bank, under the name of "C. M. Ingram, Sheriff, Back Tax Account," was $7,188.72. All deposits to the credit of said account were made by plaintiff after the date of the bond, upon which plaintiff seeks to recover in this action.

Upon the evidence tending to show the facts to be as above stated, there was error in the refusal of the court to allow defendants' motion, at the close of the evidence, for judgment dismissing the action as upon nonsuit.

By the express terms of the bond, if the Bank of Warsaw turned over to plaintiff certain funds deposited with the said bank, upon his demand, the bond became null and void, and defendants, sureties thereon, were discharged of liability. The bond cannot be construed as indemnifying plaintiff from loss on account of funds deposited with the bank after its date, certainly when said funds are credited, at his request, to another account. All the evidence shows that the bank has paid the funds on deposit with it, at the date of the bond, to plaintiff, upon his demand. The amount now due to the plaintiff by the bank was deposited after the execution of the bond, and is not included in the sum for which defendants are liable, as sureties on the bond.

Plaintiff alleges in his complaint "that it was the purpose and intent of said bond and of the parties thereto that the same should secure the plaintiff up to $30,000, against any loss of tax moneys which the plaintiff might on the date of said bonds or thereafter have on deposit in said Bank of Warsaw." This allegation is denied by defendants in their answers. The language of the bond does not support this allegation. Defendants' liability is restricted to the funds on deposit at the date of the bond; they cannot be held liable for funds thereafter deposited.

The principle stated in *Edgerton v. Taylor,* 184 N. C., 571, is applicable upon the facts of the instant case. It is said in the opinion in that case: "Sureties are favored by the law. Their obligations are ordinarily assumed without pecuniary compensation, and are not to be extended by implication or construction. They have a right, as we have said, to stand on the terms of their contract, and having consented to be bound to a certain extent only, their liability must be found within the terms of that consent, strictly construed, and it has been said to be insufficient that the surety may sustain no injury by a change in the contract, or that it may even be for his benefit."

This principle is applicable, notwithstanding the fact, shown by the evidence, that defendants at the time they signed the bond, were directors

of the Bank of Warsaw. *Trust Co. v. Rose,* 192 N. C., 673. They were liable to plaintiff, not as directors of the bank, but as sureties on the bond. This liability having been discharged, plaintiff cannot recover of them in this action. The judgment in favor of plaintiff and against defendants, sureties on the bond, is

Reversed.